IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TODD CRANOR,                          :              4:16-CV-00356

       Plaintiff,                    :              (Judge Brann)

  V.                                  :

KOHL'S DEPARTMENT STORES, INC.,  :

       Defendant.                    :

## CASE MANAGEMENT ORDER

### March 29, 2016

Fed. R. Civ. P. 83(b) provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Pursuant to that authority, and in an effort to streamline proceedings, reduce unnecessary and costly motions practice, and "to secure the just, speedy, and inexpensive determination of every action and proceeding" before me, Fed. R. Civ. P. 1, this Standing Case Management Order (the "Case Management Order") shall govern in all proceedings assigned to me, until and unless expressly superseded. Although this Case Management Order places formal requirements on the manner in which cases shall proceed, it is intended only to more effectively channel the efforts of litigants and allocate the resources of the Court. Nothing herein is intended to modify or abridge any substantive rights of any litigant.

A.    **Effective Date of Order**

1.     This Case Management Order is effective upon filing as to any parties who already have appeared.

2.     If this Case Management Order is entered *before* the summons and complaint have been served upon all defendants, a copy of this Case Management Order shall be served upon any unserved defendants simultaneously with the summons and complaint, in any manner authorized by Fed. R. Civ. P. 4(c).

3.     If this Case Management Order is entered *after* the summons and complaint have been served upon all defendants, but before all defendants have appeared, plaintiff shall serve a copy of this Case Management Order on all defendants who have not yet appeared in a manner consistent with Fed. R. Civ. P. 5(b) and reasonably calculated to provide prompt, actual notice of this Case Management Order.  Such service is to be effected within three (3) business days of entry of this Case Management Order, unless good cause is shown as to why service cannot be effected within that time.

4.     With respect to parties who had not appeared at the time of this Case Management Order is issued upon the docket, this Case Management Order is effective immediately upon receipt.  However, nothing herein is to be construed so as to penalize any party who violates the terms of this Case

2

Management Order without having received actual notice of its contents.

*See* Fed. R. Civ. P. 83(b).

**B.**   **Schedule of Dates**

Following the initial case management telephone conference call**,** a

schedule of  important dates follows, with details regarding the dates/deadlines is

delineated below:

| | |
|---|---|
| Final date for joining additional parties: | June 27,  2016 |
| Final date for amending pleadings: | June 27, 2016 |
| Final date to file a notice of constitutional question under  Fed. R. Civ. P. 5.1: | June 27, 2016 |
| Discovery deadline: | November 3, 2016 |
| Dispositive motions due: (supporting briefs due pursuant to LR 7.5, 7.6 and 7.7) | January 3, 2017 |
| Plaintiff's expert report due: | April 3, 2017 |
| Defendant's expert reports due: | May 1, 2017 |
| Supplemental/rebuttal expert reports due: | May 15, 2017 |
| Motions in limine & supporting briefs due: | June 5, 2017 |
| Pre-trial memorandum & proposed voir dire questions & proposed jury instructions due: | June 19, 2017 |
| Final pre-trial conference: | June 26, 2017 at 10:00 a.m. |

Jury Selection & Trial:                                    August 2017 trial term

C.      The captioned case is placed on the **August 2017** trial list.  Jury

selection for trials on the **August 2017** list will commence at **9:30 a.m.**, on the date of

trial, in Courtroom No. 1, Fourth Floor, United States Courthouse and Federal Building,

240 West Third Street, Williamsport, Pennsylvania.  Trials will commence following the

completion of jury selections.  Counsel should note that criminal matters take priority and

may delay the beginning of the civil trial list.

D.      The Court issues this Order pursuant to Fed. R. Civ. P. 16.  The views of

counsel of all represented parties, as to how and on what schedule pretrial matters should

be conducted, have been solicited at the scheduling conference.  Counsel shall not

mutually agree to extend any time periods covered by this Order, the local rules, or the

Federal Rules of Civil Procedure without the approval of the Court.  Requests for

extensions of the following time periods will not be granted except under exceptional

circumstances and must comply with Local Rule 7.5.  All written  requests for

continuance of discovery deadlines or trial shall be signed by counsel in conformity with

the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3). Additionally, all requests for

extensions of the discovery deadline must be made at least fourteen (14) days prior to the

expiration of the discovery period.  The Court will entertain a conference call, if agreed

upon by counsel, to resolve time period and discovery issues.

E.      **Discovery**

1.      Counsel shall not cease active discovery pending disposition of a

motion to dismiss.

2.      All fact discovery (expert witness discovery dates noted below) shall be completed by **November 3, 2016**, and shall be completed by the parties expeditiously and diligently.

3.      Plaintiff's expert report(s) shall be due on or before **April 3, 2017.**

4.      Defendants' expert report(s) shall be due on or before **May 1, 2017.**

5.      Supplemental/Rebuttal expert witness reports shall be due on or before **May 15, 2017.**

6.      Discovery Disputes.   Pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), I require a telephone conference call before the filing of formal discovery motions and a request for an Order relating to discovery.  In the event a discovery dispute arises, counsel shall electronically file a letter on the docket apprising the Court of the general contours of the dispute.  Upon receipt of the letter, the Court will schedule a telephone conference call, or, alternatively, a conference, if deemed necessary.  In any event, no motion to compel shall be filed by any party without the express permission of the Court.

**F.      Motions**

1.      Dispositive motions shall be filed by **January 3,  2017**, with the

submission of briefs  within fourteen (14) days thereafter, pursuant to Middle District

Local Rules (LR) 7.4, 7.5, 7.6 and 7.7.  If  a dispositive motion is not filed on or before

the aforementioned deadlines, the motion will not be accepted, absent prior leave of

Court.  Briefs in support, in opposition and in reply to summary judgment motions may

be up to 15 pages in length, pursuant to LR 7.8(b).   In multiple defendant cases, any

defendant contemplating a dispositive motion shall confer with other defense counsel and

shall agree to file joint motions and briefs whenever possible.  Those parties needing to

brief separate issues may do so by filing separate briefs.  Parties filing motions for

summary judgment shall comply with Middle District Rule 7.4.

 2.      Motions <u>in</u> <u>limine</u> and supporting briefs shall be filed no later than

**June 5, 2017**.  Motions to exclude expert testimony, which require a <u>Daubert</u> hearing,

shall be filed no later than thirty days from receipt of the expert report.

 **G.     <u>Pre-Trial Matters</u>**

1.      A pretrial conference will be held on **<u>June 26, 2017</u>**  at **<u>10:00</u>**

**<u>a.m.,</u>** in my Chambers, United States Courthouse and Federal Building, 240 West

Third Street, Suite 401, Williamsport, Pennsylvania.  **<u>Counsel and litigants shall</u>**

**<u>be present at this conference in order to have effective settlement discussions</u>**.

Any other individual with settlement authority shall be available by telephone at

the time of the pretrial conference.

 2.      Local Rule 16.2, as it relates to settlement authority, will apply to

 this conference.

3.      On or before **June 19, 2017**, each party shall file a pretrial memorandum;  said filing shall otherwise be in conformity with the local rules. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed. R. Civ. P. 16(f).

4.      Proposed voir dire questions shall be due on or before **June 19, 2017**.

5.      Proposed jury instructions shall be due on or before **June 19, 2017**.

6.      If counsel file trial briefs they must be filed two (2) working days prior to commencement of the trial list.

7.      In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement.  Subsequent to that meeting, counsel shall notify this court if they would like the assistance of the United States Magistrate Judge in conducting a formal settlement conference.

8.      THREE WEEKS prior to the date scheduled for the submission  of the pretrial memoranda, counsel for the parties shall hold the  attorneys' conference required by Local Rule 16.3.  This conference shall be face-to-face unless the Court, upon written request, approves another arrangement.  Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

9.      Counsel who will try the case shall attend the pretrial conference unless the Court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2.  A copy of the local rules may be obtained on the district website at www.pamd.uscourts.gov (Court Information Tab) or from the Clerk of the Court by writing:  Clerk of Court, United States Courthouse and Federal Building, Suite 218, 240 West Third Street, Williamsport, Pennsylvania 17701-6460.

10.      At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses being made.  The Court shall then hold counsel for the parties to the course outlined at the pretrial conference.  The Court shall be apprised of any legal theories, claims

and/or defenses at the time of the pre-trial conference in order to consider and

evaluate them before trial.

H.      Should the parties jointly agree to employ a form of Alternative Dispute

Resolution, they shall so notify the Court by letter filed on the docket.

I.      Counsel are encouraged to consent to the disposition of this case by a

United States magistrate judge pursuant to 28 U.S.C. § 636(c).

J.      Counsel should contact the Court through my Courtroom Deputy,

Kathy A. McLaughlin, at 570-323-9772, regarding any inquiries you have concerning this

case and its progress.  No contact should be made with my law clerks unless directed to

do so by the Court.

K.      The provisions of this scheduling order may be modified by the Court *sua*

*sponte* or on motion timely filed for good cause.

BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge

**This case is placed on the Standard Track.**

**(JUDGE BRANN)**

**EXHIBIT LIST**

Page ___ of ____

Case Name: _____

Case Number:_____

| Plaintiff | Defendant | Description of Item | Document Dated | Identified in Court | Date Admitted | Witness |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |